IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CV-3-D

| | | |
|---|---|---|
| THERESA ANN MCCLEARN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

On January 31, 2012, Magistrate Judge Gates issued a Memorandum and Recommendation ("M&R") [D.E. 30]. In the M&R, Judge Gates recommended that the court deny Theresa Ann McClearn's ("McClearn" or "plaintiff") motion for judgment on the pleadings [D.E. 23], grant Michael J. Astrue's ("Commissioner" or "defendant") motion for judgment on the pleadings [D.E. 27], and affirm the final decision of Commissioner. M&R 1. On February 13, 2012, plaintiff filed objections to the M&R [D.E. 31]. On February 24, 2012, the Commissioner responded to plaintiff's objections [D.E. 32].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the disputed portions of the M&R. Under the Social Security Act, 42 U.S.C. § 405(g), a district court reviewing the Commissioner's final decision to award or deny disability benefits considers only whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence "is evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained his findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

McClearn argues that the ALJ failed to give appropriate weight to the opinion of her treating physician and failed to recontact her treating physician, Pl.'s Obj. [D.E. 31] 1–6, that Judge Gates erroneously analyzed the ALJ's weighing of McClearn's pain testimony, id. 6–11, that Judge Gates erroneously analyzed the ALJ's credibility assessment of McClearn's pain testimony, id. 11–14, and

that Judge Gates failed to expressly determine whether McClearn suffered from an impairment likely to cause her complained of symptoms. Id. 14–18; see Craig v. Chater, 76 F.3d 585, 592–93 (4th Cir. 1996).

The court will not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. Craig, 76 F.3d at 589; see 42 U.S.C. § 405(g). As for plaintiff's objections, the court concludes that the ALJ adhered to the law in his decisional process and complied with Craig, 76 F.3d at 589–96. In addition, Judge Gates thoroughly addressed each argument in the M&R.

In sum, this court agrees with Judge Gates's thorough analysis and adopts this analysis as the court's own. Plaintiff's objections to the M&R [D.E. 31] are OVERRULED, plaintiff's motion for judgment on the pleadings [D.E. 23] is DENIED, defendant's motion for judgment on the pleadings [D.E. 27] is GRANTED, and defendant's final decision is AFFIRMED.

SO ORDERED. This 9 day of March 2012.

JAMES C. DEVER III
Chief United States District Judge